IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | | |
|---|---|---|
| STEPHANIE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| AUTOMOTIVE MANAGEMENT | ) | |
| SERVICES, INC., SOUTH CHARLOTTE | ) | |
| HYUNDAI, TT OF PINEVILLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff alleges that she was the victim of race discrimination, sex discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, when she was denied equal opportunity to earn money as her male counterparts and when she was terminated from her employment after having complained about discrimination on December 6, 2021 In addition, Plaintiff complained that she was subjected to race discrimination and retaliation under Section 1981 of the Civil Rights Act of 1866.

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"). Plaintiff was denied equal opportunity to earn money as her male counterparts and was terminated from her employment as a result of her race.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3.	Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendants complained of herein which violate rights secured to the Plaintiff by Title VII.

## II. PARTIES

4.	Plaintiff is an African-American female resident of Charlotte, Mecklenburg County, North Carolina.

5.	Automotive Management Services, Inc., South Charlotte Hyundai and TT of Pineville, Inc., are engaged in the automotive sales and services business, employing more than fifteen employees and operate in Charlotte, Mecklenburg County, North Carolina. Defendants are all employers within the meaning of Title VII.

## III. FACTS

6.	Plaintiff has a history of employment in the automotive industry, including work as a finance manager. Plaintiff began work with Defendants on or about July 17, 2020 as a finance manager. Plaintiff reported to work at 8:30 a.m. and left after the last customer's work was completed, which sometimes was as late as 9:30 or 10 o'clock at night. She generally worked six days a week with the flexibility of coming in at 10 o'clock on one day. She worked every other Sunday. Her duties included selling financial products to customers and helping them complete their purchase of the vehicle.

7.	Plaintiff reported to Greg Masters, Sales Manager, and directly to the managing partner, Anthony Barriero. Plaintiff performed her duties in a satisfactory manner. Her pay was based in part upon her performance review and included a bonus on the tenth of every month. That was her pay from the dealership. She was also, depending on her production, eligible for pay from a product vendor from the vendor itself. She also received pay from Hyundai based on her

2

production. She was entitled to vacation pay after one year. The company had a policy that provided that employees had to take their vacation time or lose it. Plaintiff received all bonuses that she was entitled to receive and never was told that her work was below expectations. In fact, she was always told that she was doing a good job.

8. Because employees were not allowed to carry over vacation days, Plaintiff requested well in advance that she be allowed to take vacation at the end of 2021. She specifically sent e-mail requests to Barriero and the Sales Manager two to three times. No response was received from either of them. As a result, Plaintiff changed her requested dates for vacation and still did not receive a response to her request.

9. Around Thanksgiving 2021, two additional sales persons were hired, a younger white male, and an older African- merican gentleman who had been friends with the Sales Manager. The older African-American was the first to arrive. Shortly thereafter, the younger white male began employment. When these two men were hired, Plaintiff was not allowed to work the rotation as had previously been the policy. That resulted in Plaintiff not having an opportunity to make sales and that affected her bonuses.

10. On December 6, 2021, Plaintiff went to Barriero to talk to him about the bonus check and how it was unfair that the men were being given preferential treatment for sales. She also discussed her previous request for vacation time and expressed her concern that she was being treated differently than her male counterparts. Barriero's response to her was that she should not make a hasty decision and that she should take a few days off and then come back and talk to him. The following day she was not scheduled to go to work. However, she sent a text to Barriero on December 7, 2021, inquiring about his response to her concerns. He indicated that she would be fired.

3

11.     Plaintiff then, on the same day, went to the Human Resources Department to speak to Kim Eldridge, but she was not there.   Plaintiff spoke to another Human Resources Representative who advised her that she had gotten an e-mail stating that Plaintiff had resigned. Plaintiff denied that she had resigned.

12.     Plaintiff then went to the dealership to talk to Barriero who was in with someone. He acknowledged her and she went to her office to wait for him.  There she found the two sales persons in her office on her computer.  They asked her for her password, saying that her computer had been swiped clean and that they needed her password.  Sensing that she was no longer an employee there, Plaintiff collected her notary seal and a few personal items and left.

13.     Plaintiff then sent a letter to  corporate Human Resources telling them that she had not been given her 40 hour vacation and asking when she would be paid for that.  Corporate did not pay her the 40 hour vacation.  Plaintiff never told anyone that she was quitting her job.

## IV.  CLAIMS FOR RELIEF

### First Claim for Relief:  Sex Discrimination – Title VII

14.     Plaintiff incorporates herein Paragraphs 1 through 13 above.

15.     Plaintiff was subjected to discriminatory treatment in the terms and conditions of employment when management allowed employees who were hired as finance managers to work jobs selectively, instead of in a rotation.  This had the effect of denying Plaintiff the opportunity to earn a bonus.  In addition, the sales given to the male employees were cherry picked for the best deals.  The Plaintiff complained about this mistreatment, but it was not rectified by Defendants.

16.     The difference in treatment between Plaintiff and the male finance managers was due to her sex.

17.     Defendants' actions violate Title VII of the Civil Rights Act of 1964.

4

18.    As a result of Defendants' actions, Plaintiff suffered economic and emotional damages.

## Second Claim for Relief:  Race Discriminaton – Title VII and Section 1981

19.    Paragraphs 1 through 18 above are incorporated herein.

20.    Plaintiff, an African-American female, was denied the same terms and conditions of employment as a younger white male who had just been hired in the dealership.  Because of Plaintiff's race, she was not afforded the same terms and conditions of employment as her white male counterpart.

21.    Defendants' actions violate Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866.

22.    Defendants' actions caused Plaintiff economic and emotional distress damages.

## Third Claim for Relief:  Retaliation

23.    Paragraphs 1 through 22 above are incorporated herein.

24.    Plaintiff engaged in protected activity when she complained about discrimination to Barriero on December 6, 2021 and when she complained about discrimination to the Human Resources Department on December 7, 2021.

25.    Plaintiff's discharge from employment came within days of her complaints of discrimination.  But for Plaintiff's complaints of discrimination she would not have been terminated from her employment.  Defendants' actions constitute retaliation in violation of Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866.

26.    As a result of Defendants' actions, Plaintiff has suffered economic damage and emotional distress.

5

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on January 19, 2022, EEOC Charge 430-2022-00694. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights on March 21, 2022. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

28.     Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the work environment be remedied in full and that the court, after a jury trial:

a.      Declare the actions complained of herein to be illegal;

b.      Issue an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants and at their direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII and Section 1981;

c.      Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d.      Award Plaintiff back pay, front pay, and complete make whole relief;

e.      Award Plaintiff her costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.      Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

6

This _____ day of June, 2022.

/s/ *Geraldine Sumter*

Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff

7